**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1073**

NITIN AGRAWAL,

        Plaintiff - Appellant,

    v.

GEORGE MASON UNIVERSITY,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:20-cv-01381-AJT-IDD)

Submitted:  November 30, 2023                    Decided:  December 19, 2023

Before THACKER and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nitin Agrawal, Appellant Pro Se.  Eli Samuel Schlam, GEORGE MASON UNIVERSITY, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nitin Agrawal appeals the district court's order granting summary judgment to George Mason University ("the University") on Agrawal's claim brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Agrawal contended that the University denied him tenure as retaliation for supporting a colleague's claim of unlawful discrimination.

Absent direct evidence of discrimination, a plaintiff must prove a Title VII discrimination claim through the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of retaliation, a plaintiff must show "(i) that [he] engaged in protected activity, (ii) that [his] employer took adverse action against [him,] and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 653 (4th Cir. 2021) (alterations and internal quotation marks omitted). "Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998).

If the plaintiff establishes his prima facie case, then the burden shifts to the employer to demonstrate "a legitimate non-retaliatory reason" for its action. *Sempowich*, 19 F.4th at 654 (internal quotation marks omitted). If the employer satisfies this burden, then the

plaintiff must prove by a preponderance of the evidence that the employer's purportedly neutral reasons were a pretext for discrimination. *Id.*

The district court found that Agrawal suffered an adverse employment action but concluded that, even assuming Agrawal sufficiently established that he engaged in protected activity, he had not shown a causal connection between the alleged protected activity and the denial of his tenure. The court rejected Agrawal's contention that in denying his tenure, the final decisionmaker merely rubber-stamped recommendations that were infected with retaliatory motive.

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. *Agrawal v. George Mason Univ.*, No. 1:20-cv-01381-AJT-IDD (E.D. Va. Nov. 22, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*